UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PUTZ FARMS, JOINT VENTURE, A JOINT VENTURE OF HERBERT PUTZ & SIGNE PUTZ )<br><br>Plaintiff,<br><br>C. DOUGLAS DONLEY D/B/A C. DOUGLAS DONLEY CROP INSURANCE<br>Defendant. | Civil Action No. 4:09-cv-355<br>Jury |

## ANSWER OF DEFENDANT, C. DOUGLAS DONLEY

The Defendant answers the allegations of the Plaintiff's Original Complaint as follows:

1.1    Admitted.

1.2    Admitted.

2.1    Admitted.

3.1    Denied.

4.    The allegations of Paragraphs 4.1 through 4.8, inclusive, will be addressed according to the sentences in each numbered paragraph:

4.1    Sentence 1:  On the basis of information and belief, admitted.  Sentence 2: Admitted.  Sentence 3: Admitted.  Sentence 4: The Defendant admits the Plaintiff's request for assistance in securing crop insurance but the allegation that the Defendant is a "person engaged in the business of insurance in the State of Texas" is a legal conclusion to which no response is required.  Sentence 5: Denied.  Sentence 6: Denied as to the making of recommendations concerning the purchase of insurance but otherwise admitted.  Sentence 7: Admitted.  Sentence 8: The Defendant admits that he became aware of the Plaintiff's crop insurance needs, otherwise denies the allegations of Sentence 8 of Paragraph 4.1, and alleges that the allegation regarding the

1

development of a "confidentially and special relationship" is a conclusion of law to which no response is required.

4.2    Sentence 1:   Admitted.  Sentence 2:  Denied as to the alleged recommendation but otherwise admitted.  Sentence 3:  The Defendant admits that he submitted an application to GAIC for crop insurance in 2007 but otherwise denies the allegation of Sentence 3 of 4.2.

4.3    Sentence 1: Admitted.    Sentence 2:  Admitted.   Sentence 3:  Admitted. Sentence 4:  Denied.  Sentence 5:  Admitted.

4.4    Sentence 1: Denied.  Sentence 2:  Admitted.  Sentence 3:  The Defendant has insufficient knowledge or information upon which either to admit or to deny the allegations of Sentence 3 of Paragraph 4.4 and, therefore, denies same.  Sentence 4:  Denied.  Sentence 5:  Denied.  Sentence 6:  Denied.

4.5    Sentence 1:  The first clause of Sentence 1 of Paragraph 4.5 represent a legal conclusion to which no response is required but to the extent that those allegations may be construed as allegations of fact, they, along with the remaining allegations of Sentence 1 of Paragraph 4.5 are denied.  Sentence 2:  Denied.

4.6    Sentence 1:  Admitted.  Sentence 2:  On the basis of information and belief at this time, admitted.

4.7    Sentence 1:  The Defendant admits that there was a storm and frost resulted in damage to Plaintiff's wheat crop but denies the allegations as to the nature and extent of that damage.  Sentence 2:  On the basis of information and belief at this time, admitted.  Sentence 3:  On the basis of information and belief at this time, admitted.

4.8    Sentence 1: On the basis of information and belief at this time, admitted.  Sentence 2:  Denied to the extent that the Sentence alleges or attempts to raise an inference of wrongdoing regarding the submission of production and yield information, but otherwise admitted.  Sentence 3:

2

On the basis of information and belief at this time, admitted.  <u>Sentence 4</u>:  The Defendant has insufficient knowledge or information upon which either to admit or to deny the allegations of this sentence and it is, therefore, denied.

     5.1     The Defendant acknowledges the nature of the various theories of recovery and causes of action asserted against him but the allegations of Paragraph 5.1 represent legal conclusions to which no response is required and, to the extent that the allegations of 5.1 may be construed as allegations of fact, the Defendant denies any wrongdoing in connection therewith.

     6.     The allegations of Paragraphs 6.1 through 6.5, inclusive, will be addressed according to the sentences in each numbered paragraph:

     6.1     <u>Sentence 1</u>:  The Defendant acknowledges the nature of the Plaintiff's contentions as asserted in this Sentence  but denies any wrongdoing attempted to be alleged in Sentence 1.  <u>Sentence 2</u>:  The Defendant acknowledges the nature of the Plaintiff's contentions as asserted in this Sentence  but denies any wrongdoing attempted to be alleged in Sentence 2.  <u>Sentence 3</u>:  The allegations of Sentence 3  represent  legal conclusions to which no response is required but to the extent that the allegations may be construed as allegations of fact, they are  denied.  <u>Sentence 4</u>:  The allegations of Sentence 4 represent  legal conclusions to which no response is required but to the extent that the allegations may be construed as allegations of fact, they are  denied.

     6.2     Denied in its entirety.

     6.3     <u>Sentence 1</u>:  The Defendant acknowledges the nature of the Plaintiff's contentions as asserted in this Sentence but denies any wrongdoing attempted to be alleged in Sentence 1.  <u>Sentence 2</u>:  Denied.  <u>Sentence 3</u>:  The allegations of Sentence 3 represent  legal conclusions to which no response is required but to the extent that they  may be construed as  allegations of fact, they are denied.

6.4     Sentence 1: The Defendant acknowledges the nature of the Plaintiff's contentions as asserted in this Sentence but denies any wrongdoing attempted to be alleged in Sentence 1. Sentence 2: Denied. Sentence 3: The allegation of Sentence 3 represent a legal conclusion to which no response is required but to the extent that it may be construed as an allegation of fact, it is denied.

6.5     Sentence 1: Denied: Sentence 2: That the Plaintiff "invokes the Discovery Rule" is a contention and not an allegation of fact but to the extent that it may be construed as an allegation of fact, it is denied. Sentence 3: Denied. Sentence 4: On the basis of information and belief at this time, admitted.

7.      The allegations of Paragraphs 7.1 through 7.4, inclusive, will be addressed according to the sentences in each numbered paragraph:

7.1     Sentence 1: That the Defendant acknowledges the Plaintiff's contentions as asserted in this Sentence but denies any wrongdoing attempted to be alleged in this Sentence. Sentence 2: The allegations of this Sentence represent legal conclusions to which no response is required but to the extent that they may be construed as allegations of fact, they are denied.

7.2     Sentence 1: That the Defendant acknowledges the Plaintiff's contention …. Sentence 2: Denied.

7.3     Denied.

7.4     Denied.

8.      The allegations of Paragraphs 8.1, inclusive, will be addressed according to the sentences in each numbered paragraph:

8.1     Sentence 1: That the Defendant acknowledges the Plaintiff's contentions as asserted in this Sentence but denies any wrongdoing attempted to be alleged in Sentence 1. Sentence 2: The Defendant acknowledges the Plaintiff's contentions as asserted in this Sentence but denies any

wrongdoing attempted to be alleged in this Sentence.  <u>Sentence 3</u>:  The Defendant admits that the Plaintiff applied for and purchased crop insurance coverage from GAIC with the assistance of the Defendant but has insufficient knowledge or information upon which either to admit or to deny the Plaintiff's expectations or whether they were reasonable and, therefore, denies same.  <u>Sentence 4</u>:  The allegations of Sentence 4 of Paragraph 8.1 represent legal conclusions to which no response is required but to the extent that they may be construed as allegations of fact, they are denied.

9.  The allegations of Paragraphs 9.1 inclusive, will be addressed according to the sentences in each numbered paragraph:

9.1  <u>Sentence 1</u>:  The Defendant acknowledges the Plaintiff's contentions as asserted in this Sentence but denies any wrongdoing attempted to be alleged in this Sentence.  <u>Sentence 2</u>:  The allegations of Sentence 2 represent a legal conclusion as to the existence of an "informal fiduciary relationship" to which no response is required but to the extent that it may be construed as an allegation of fact, it, along with the remaining of allegations of Sentence 2 are denied.  <u>Sentence 3</u>:  Denied.

10.  The allegations of Paragraphs 10 through 10.4, inclusive, will be addressed according to the sentences in each numbered paragraph:

10.1  <u>Sentence 1</u>:  Denied.  <u>Sentence 2</u>:  The Defendant has insufficient knowledge or information upon which either to admit or to deny the allegations of this Sentence and they are, therefore, denied.  <u>Sentence 3</u>:  Denied.  <u>Sentence 4</u>:  Denied.

10.2  <u>Sentence 1</u>:  The allegations of Sentence 1 represent legal conclusions to which no response is required but to the extent that they may be construed as allegations of fact or represent a mere contention, they are denied.  <u>Sentence 2</u>:  The Defendant admits that the Plaintiff will incur additional attorney's fees as this litigation progresses but denies any responsibility therefor.

10.3    The allegation of Paragraph 10.3 represent a legal conclusion to which no response is required but to the extent that it may be construed as an allegation of act, it is denied.

11.1    The Plaintiff's prayer for relief is denied.

## **AFFIRMATIVE DEFENSES**.

12.    The Plaintiff has failed to state a claim or claims upon which relief can be granted.

13.    The Plaintiff's negligence, negligent misrepresentation, negligence procurement, Texas Deceptive Trade Practices Act, and Texas Insurance Code claims are barred by the applicable statutes of limitation.

14.    Venue is not properly laid in this court.

15.    Venue should be transferred pursuant to 28 U.S.C. § 1404.

16.    The venue provisions of the Texas Deceptive Trade Practices Act are pre-empted by federal statute.

17.    The Plaintiff's claimed damages are the result of acts of third parties over which or whom the Defendant exercises, or exercised, no control.

18.    The Plaintiff's claimed damages are the result of its own negligence or misconduct or the negligence or misconduct of its agents or employees.

19.    The Plaintiff's claimed damages are solely the result of the Plaintiff's conduct.

20.    The Plaintiff has engaged in a course of misleading conduct that bars recovery.

21.    Laches.

22.    Waiver.

23.    Even if the Defendant was negligent or breached any alleged contract, which alleged negligence or breach are both expressly denied, such negligence or breach was not the proximate cause of the Plaintiff's alleged damage.

24. Even if the entirety of the Plaintiff's allegations are taken as true, the Plaintiff is not entitled to the relief requested.

25. The Plaintiff's claimed damages were not proximately caused by the Defendant.

26. The Plaintiff may have failed to mitigate the claimed damages.

27. Plaintiff's allegations may be based upon an incorrect choice-of-law analysis.

28. Plaintiff's claims under the Texas Deceptive Trade Practices Act must be abated pursuant to § 17.505, Tex. Bus. & Com. Code.

29. Defendant reserves his right to request mediation pursuant to 17.5051, Tex. Bus. & Com. Code.

30. Defendant specifically denies having committed any wrongdoing under the Insurance Code, but to the extent he may be deemed to have done so, his actions constituted a bona fide error.

31. The Defendant reserves the right to identify additional affirmative defenses as discovery continues.

The Defendant respectfully requests rendition of judgment in his favor, dismissing the Complaint, and that he be awarded his costs incurred, a reasonable attorney's fee as may be appropriate, and such other relief to which the Defendant may be entitled.

Respectfully Submitted,

/s Bruce A. McKenna

Bruce A. McKenna  (OK Bar # 6021)(lead attorney)
Brandon J. Burris (OK Bar # 21619)
Glendening McKenna Prescott & Robertson
10108 E. 79th Street
Tulsa, OK 74133
(918) 494-7037
(918) 494-9907 (facsimile)
bmckenna@gmpoklaw.com

bburris@gmpoklaw.com
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

    I certify that on the 19th day of August, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System of filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Paul Gilliam
Ramey & Flock, P.C.
100 E. Ferguson St., Suite 500
Tyler, TX  75702
(903)597-3301
(903) 597-2413- Fax

    _s/ Bruce A. McKenna_
    Bruce A. McKenna